UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

| | |
|---|---|
| In re | ) |
| | ) Chapter 13 |
| ROBERT ALLAN DAVIS PIKE, | ) Case No. 04-20846 |
| | ) |
| Debtor. | ) |

THIS PLAN CONTAINS FACTUAL MATTERS WHICH, IF IT CONTROVERTED, MAY BE ACCEPTED AS TRUE. WHILE CREDITORS MAY NOT VOTE ON THIS PLAN, THEY MAY OBJECT TO ITS CONFIRMATION PURSUANT TO 11 U.S.C. § 1324. ANY OBJECTIONS TO THE PLAN MUST BE IN WRITING, FILED WITH THE COURT, AND SERVED UPON DEBTOR'S COUNSEL (OR THE DEBTOR, IF PRO SE) AND THE CHAPTER 13 TRUSTEE AT LEAST TEN (10) DAYS PRIOR TO THE HEARING ON CONFIRMATION. ABSENT ANY OBJECTION, THE COURT MAY CONFIRM THIS CHAPTER 13 PLAN WITHOUT FURTHER NOTICE OR HEARING.

## AMENDED CHAPTER 13 PLAN

Pursuant to 11 U.S.C. § 1321 and 1322, the Debtor proposes the following plan. The Debtor submits all or such portion of his/her/its future earnings or income or estate to the supervision and control of the Trustee as is necessary for the execution of the plan.

1. This is a 44 month plan.

2. The Debtor shall make the following payments to the Trustee. The total amount to be paid to the Trustee is **$25,940**, plus all tax refunds in excess of $1,200 per year.

   a. Commencing on August 15, 2004, regular monthly payments of **$447** shall be made for the months of August, September, October, November, December, February, March, April, May, June and July.

   b. On each January 1 of the plan year, Debtor's monthly payment shall be **$2,015** (namely, January 1, 2005, January 1, 2006, January 1, 2007and January 1, 2008).

   c. Other [specify]:    None

3. Administrative expenses and claims allowed under 11 U.S.C. § 503(b) and any fees and charges assessed against the estate under 28 U.S.C. § 586(e) and 1930, shall be paid in full from the funds paid by the Debtor to the Trustee as follows:

   | | | |
   |---|---|---|
   | a. | Trustee's fee not to exceed 10%: | **$2,594.00** |
   | b. | Attorney's fee to be paid through plan (if any) | NONE |
   | c. | Administrative reserve (if any): | NONE |
   | d. | Other (describe): | NONE |

4. Claims secured by property of the estate shall be paid as follows:

   a. Secured claims not in arrears shall be paid by the Debtor directly pursuant to the existing contract(s) between the Debtor and the creditor as follows. The lien securing each claim shall be unimpaired.

   | Creditor | Collateral | Payment Amount | Payment Due Date |
   |---|---|---|---|
   | NONE | | | |

   b. The following secured claims shall be paid in full or to the extent of value of the collateral from the funds paid by the Debtor to the Trustee as follows. Confirmation of the plan is a judicial determination of the value of the collateral as set forth below. The lien securing each claim shall be discharges upon payment of the secured portion of the claim; the lien shall remain in place until the secured portion is paid. Any undersecured portion of the claim shall be treated as unsecured. A creditor must file a proof of claim by the bar date to be entitled to payment.

   | Creditor | Amount of Claim | Collateral | Interest Terms |
   |---|---|---|---|
   | NONE | | | |

   c. Arrearages on secured claims shall be paid from the funds paid by the Debtor to the Trustee as follows. A creditor must file a proof of claim by the bar date to be entitled to payment.

   | Creditor | Nature of Claim | Arrearage | Interest Terms |
   |---|---|---|---|
   | NONE | | | |

   Current periodic payments to those creditors will be made [directly by the Debtor] [by the Trustee through the plan].

5. Claims entitled to priority under 11 U.S.C. § 507(a) shall be paid in full from the funds paid by the Debtor to the Trustee as follows, unless a creditor agrees to a different treatment of such claim. A creditor must file a proof of claim by the bar date to be entitled to payment.

   | Priority Creditor | Total Claim | Priority Amount |
   |---|---|---|
   | NONE | | |

2

6. Interim distribution may be made pursuant to court order to provide payment to undisputed and timely filed priority and secured claims.

7. The only known unsecured creditor is the Estate of Ogden Lewis. The claim held by the Estate of Ogden Lewis (the "unsecured claim") is disputed and unliquidated, but will be estimated for the purposes of plan confirmation and plan payments. A creditor must file a proof of claim by the bar date to be entitled to payment. The Court will issue an order after the bar date determining the actual dividend. Payment will be made from funds paid by the Debtor to the Trustee. The dividend to be paid to each general unsecured creditor, including the holder of the Unsecured Claim, will be determined by dividing the funds available by the total amount of general unsecured claims actually filed and allowed. Unsecured creditors will not receive payment until after payment in full of administrative, secured, and priority claims.

   a. If all scheduled claims are allowed, the dividend amount paid to general unsecured creditors is estimated to be approximately **$23,346.00**.

   b. The following unsecured creditors shall be separately classified and paid at a different percentage.

| Creditor | Claim Amount | Basis for Classification | Dividend |
|---|---|---|---|
| **NONE** | | | |

   c. The Trustee may pay in full any claim or dividend that does not exceed $50 as allowed by Court order after the bar date.

8. The following other special provisions of the plan appear on the attached schedules as indicated.

   [ ]  No other special provisions
   [ ]  Schedule I - Co-debtor matters (11 U.S.C. § 1301 and §1322(b)(1))
   [ ]  Schedule II - Cramdown or stripdown (11 U.S.C. §1322(b)(5))
   [ ]  Schedule III - Executory contracts and leases (11 U.S.C. §365)
   [ ]  Schedule IV - Lien avoidance (11 U.S.C. §522)
   [ ]  Schedule V - Sale of property (11 U.S.C. §363)
   [ ]  Schedule VI - Return of secured collateral (11 U.S.C. §1325(a)(5)(C))
   [ ]  Schedule VII - Injunctive Relief (11 U.S.C. Sec. 2002(c)(3) and Fed.R.Bankr.P. 7001(7))

   [ ]  Schedule VIII - Other

9. If this case were liquidated under Chapter 7 rather than reorganized under Chapter 13, a Chapter 7 trustee would be entitled to sell, collect, or recoup certain assets for the benefit of creditors. The liquidation amount which would be available for unsecured creditors, net of valid secured claims and exemptions is **$7,381.20**, minus the Chapter 7 Trustee costs and expenses. The Debtor certifies that at least this cash amount will be paid to the

Trustee for the benefit of unsecured creditors in this case pursuant to 11 U.S.C. § 1325(a)(4).

10. Property of the estate not paid over to the Trustee shall remain in the possession of the Debtor. All property of the estate, whether in the possession of the Debtor or the Trustee, remains property of the estate, subject to the Court's jurisdiction notwithstanding 11 U.S.C. § 1327(b).

11. Upon completion of the plan as approved by the Court, the Debtor shall be entitled to a full compliance discharge pursuant to 11 U.S.C. § 1328(a).

12. Debtor will abandon the following property to the secured creditor.

| Creditor | Claim Amount | Value of Property | Unsecured |
|---|---|---|---|
| **NONE** | | | |

DATED: September 7, 2004.

Respectfully submitted,

/s/ Robert A. C. Pike
Robert A. D. Pike

/s/ Roger A. Clement, Jr.
Roger A. Clement, Jr., Esq., Bar #7421
Attorney for Robert Allan Davis Pike.
VERRILL & DANA, LLP
One Portland Square
P.O. Box 586
Portland, ME 04112-0585
207-774-4000 - Phone/207-774-7499 - Fax

P:\Bankr\34388\chapter 13 plan-amd.doc

4